IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

GREGORY FISHER and           §
AMANDA FISHER, *in interest of*  §
*minor persons*,             §
                             §
            Plaintiffs,      §
                             §
v.                           §          No. 5:23-CV-183-H-BQ
                             §
HARMONY PUBLIC SCHOOLS, *et al.*,  §
                             §
            Defendants.      §

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE[1]

Pro se Plaintiffs Amanda and Gregory Fisher filed a Complaint on August 16, 2023, alleging that Defendants were negligent by not preventing "harassment or bullying" at Harmony Science Academy, causing emotional distress to Plaintiffs' children. *See* ECF No. 1.[2]

On August 28, 2023, this Court entered an order requiring that Plaintiffs amend their complaint no later than September 8, 2023, to: (1) establish this Court's subject matter jurisdiction; (2) show that their children's negligence claim may be pursued as their own or retain an attorney to bring the children's claims; and (3) follow Rule 11(a)'s signature requirement. ECF No. 5, at 5. The Court further admonished Plaintiffs that "failure to comply with th[e] [o]rder may result in a recommendation that this action be dismissed without further notice." *Id.*

Plaintiffs did not respond or file an amended complaint. Thereafter, the Court entered an order requiring Plaintiffs to, no later than October 6: (1) file an amended complaint complying

---

[1] In accordance with Special Order 3-251, this case was automatically referred to the undersigned for pretrial management. ECF No. 3.

[2] Page citations to Plaintiffs' filings refer to the electronic page number assigned by the Court's electronic filing system.

with this Court's August 28, 2023 Order; and (2) show good cause for the failure to timely file an amended complaint. ECF No. 6, at 1. The Court again cautioned Plaintiffs that failure to amend their complaint *and* sufficiently demonstrate good cause would result in a recommendation of dismissal under Rule 41(b). *Id.* at 2.

As of the date of these findings, conclusions, and recommendation, Plaintiffs have not only failed to file an amended complaint, but they also have not demonstrated good cause for their delay in doing so. Thus, in accordance with Rule 41(b), and for the reasons explained more fully herein, the undersigned recommends that the United States District Judge **DISMISS without prejudice** Plaintiffs' Complaint due to a lack of subject matter jurisdiction, and under Rule 41(b) for failure to comply with Court orders. Alternatively, the undersigned recommends the district judge strike Plaintiffs' Complaint for failure to comply with Rule 11(a) and dismiss the case for want of prosecution under Rule 41(b).

## I.    Legal Standard

### A.  Failure to Prosecute and Comply with Court Orders

A court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997) (per curiam). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. at 630).

Courts may dismiss a case under 41(b) with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879–80 (5th Cir. 1996). Where the court dismisses a case without prejudice, "but the applicable statute of limitations probably bars future litigation," the dismissal is effectively with prejudice. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) (citation

omitted).  Courts must apply a more stringent standard for dismissals that are effectively with prejudice due to the statute of limitations.  *See id.*  Dismissals with prejudice for failure to prosecute are appropriate only "where there is a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice."  *Id.* (internal quotation marks and citation omitted).

### B.  Subject Matter Jurisdiction

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'"  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see Kokkonen*, 511 U.S. at 377 (explaining that federal courts must presume "that a cause lies outside this limited jurisdiction").  As such, federal courts have a duty to examine their own subject matter jurisdiction, and may do so *sua sponte*.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999); FED. R. CIV. P. 12(h)(3).  The party invoking the court's jurisdiction bears the burden of establishing it exists.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).  Where "the record does not contain sufficient evidence to show that subject matter jurisdiction exists, 'a federal court does not have jurisdiction over the case'" (*Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (citation omitted) and may properly dismiss it.  *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted).

## II.  Discussion

### A.  Failure to Prosecute and Comply with Court Orders

Based on Plaintiffs' specific factual assertions, dismissing this case without prejudice would not operate as a dismissal with prejudice.  Plaintiffs assert that because their children experienced harassment and bullying, they withdrew one child in October 2022, "less than 3

3

months after school had started," with the other child apparently remaining enrolled and being subjected to additional alleged bullying as the school year continued. ECF No. 1, at 6. Negligence lawsuits have a two-year statute of limitations, and thus it does not appear that a dismissal without prejudice here will operate as a dismissal with prejudice.[3] *See Resol. Tr. Corp. v. Acton*, 844 F. Supp. 307, 316 (N.D. Tex. 1994) ("The Texas statute of limitations for negligence . . . is two years." (citing TEX. CIV. PRAC. & REM. CODE ANN. §16.003(a))). The Court therefore need not apply the more stringent standard to determine whether dismissal is appropriate. *See Nottingham*, 837 F.3d at 441.

The Court has provided Plaintiffs ample opportunity to comply with its orders. Plaintiffs have had almost two months to amend their complaint. ECF No. 5. In the Court's August 28 and September 26 orders, the Court admonished Plaintiffs that this action would be dismissed if they did not amend their complaint in compliance with the orders. ECF No. 5, at 5; ECF No. 6, at 2. Moreover, Plaintiffs have failed to respond to the September 26 order requiring them to show cause and explain their delay in amending their Complaint as directed. ECF No. 6. Accordingly, the Court should dismiss Plaintiffs' Complaint (ECF No. 1) without prejudice for want of prosecution under Rule 41(b). *Castaneda v. Citimortgage, Inc. ex rel. Cenlar FSB*, No. SA-21-CA-1254-FB (HJB), 2022 WL 2762719, at *1–2 (W.D. Tex. May 4, 2022) (finding plaintiff's failure to respond to court orders, including one requiring him to show cause, "warrant[ed] dismissal without prejudice under Rule 41(b)"), *R. & R. adopted by* 2022 WL 3337810 (W.D. Tex. June 7, 2022).

---

[3] Liberally construing Plaintiffs' pleadings, the Court presumes the harassment and bullying began with the start of the school year, i.e., August 2022 (three months prior to October 2022). Thus the statute of limitations would not run until, at the earliest, August 2024.

### B. Lack of Subject Matter Jurisdiction

Plaintiffs' failure to file an amended complaint establishing this Court's subject matter jurisdiction provides additional justification for dismissal. As identified in this Court's August 28 order, Plaintiffs fail to establish diversity or federal question jurisdiction. ECF No. 5, at 2–3. Plaintiffs have not complied with the Court's August 28 or September 26 orders to file an amended complaint curing this defect. ECF Nos. 5, 6.

The Complaint does not set forth adequate facts demonstrating that the Court possesses subject matter jurisdiction over the claims alleged therein. As to diversity, the Fishers state that all Plaintiffs are citizens of Texas; however, they also aver that Harmony Science Academy (HSA) is incorporated under the laws of Texas and has its principal place of business in Texas (ECF No. 1, at 3), thus establishing HSA's Texas citizenship for diversity purposes. *See Neeley v. Bankers Tr. Co. of Tex.*, 757 F.2d 621, 634 n.18 (5th Cir. 1985).[4] Based on the pleadings, complete diversity does not exist because Plaintiffs and HSA are all Texas citizens. *See* 28 U.S.C. § 1332(a); *Settlement Funding*, 851 F.3d at 536 ("[C]omplete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." (alteration in original) (citation omitted)); *Premier Project Mgmt., Inc. v. Invensys Bldg. Sys. Inc*, No. 3:01-CV-1396R, 2001 WL 1352653, at *2 (N.D. Tex. Oct. 31, 2001) (dismissing plaintiff's action because both plaintiff and defendant were citizens of the same state, and the court thus lacked subject matter jurisdiction based on diversity of the parties).

Neither have Plaintiffs pleaded facts sufficient to satisfy federal question jurisdiction under 28 U.S.C. § 1331. Federal question jurisdiction under 28 U.S.C. § 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the

---

[4] Plaintiffs do not plead the citizenship of Faith Ay or Harmony Public Schools. *See* ECF No. 1, at 3.

plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (citation omitted). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (per curiam) (citation omitted). Plaintiffs assert negligence claims against HSA, Harmony Public Schools, and Ay, which ordinarily arise under state law. *Ward v. Dr. Pepper Bottling Co. of Tex.*, No. 3:98-CV-0952-G, 1998 WL 223701, at *1 & n.5 (N.D. Tex. Apr. 30, 1998) (remanding negligence claims to state court because they "are governed by state common law"). Beyond merely marking the federal question box on the Civil Cover Sheet, the only potential jurisdictional ground alleged is "Texas Senate Bill 179 – David's Law," a Texas law governing bullying in school. ECF No. 1, at 7; TEX. EDUC. CODE § 37.0832. In short, Plaintiffs' bare Complaint, as currently constructed, is insufficient to raise a federal question. *See Wylie v. Facebook*, No. 4:19-cv-00058-O-BP, 2019 WL 5458872, at *2 (N.D. Tex. Oct. 4, 2019) (recommending dismissal for lack of subject matter jurisdiction where there were "no facts to establish" federal question jurisdiction beyond plaintiff's "conclusory statement that he was defrauded over the internet"), *R. & R. adopted by* 2019 WL 5457073 (N.D. Tex. Oct. 24, 2019).

Plaintiffs were ordered to file an amended complaint, thereby providing them an opportunity to remedy this deficiency, but they have not done so. Accordingly, the district judge should dismiss this action without prejudice for lack of subject matter jurisdiction. *Spivey v. NFN NLN*, Nos. 3:22-cv-00923-X (BT), 3:22-cv-00936-S (BT), 2022 WL 2657344, at *3 (N.D. Tex. June 3, 2022) (recommending *sua sponte* dismissal of plaintiff's complaint for lack of subject matter jurisdiction), *R. & R. adopted by* 2022 WL 2652964 (N.D. Tex. July 7, 2022) and 2022 WL 2704042 (N.D. Tex. July 12, 2022); *McGee v. Pilant*, No. 3:17-cv-2275-B-BN, 2017 WL 6033740, at *3 (N.D. Tex. Oct. 27, 2017) (concluding that dismissal without prejudice was proper under

Rules 12(h)(3) and 41(b) because plaintiff failed to "respond to the [c]ourt's show cause order concerning subject matter jurisdiction"), *R. & R. adopted by* 2017 WL 6025336 (N.D. Tex. Dec. 5, 2017).

## C. Failure to Correct Signature

The Complaint suffers from an additional defect—Amanda Fisher did not sign the Complaint as dictated by Rule 11 of the Federal Rules of Civil Procedure. Rule 11 requires pro se litigants to personally sign "[e]very pleading, written motion, and other paper" filed in an action. FED. R. CIV. P. 11(a). The rule provides that courts "must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." *Id.* The purpose for Rule 11(a)'s requirement that "unrepresented parties . . . sign their pleadings . . . [is] to make certain that those named as parties in an action in which there [is] no lawyer actually [have] assented to the filing of the action on their behalf." *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) (quoting 5A CHARLES ALAN WRIGHT & ARTHUR MILLER, *Federal Practice & Procedure: Civil 2d* § 1334 (2d ed. 1995)). Where a pro se party's pleading "is tendered and signed by a nonlawyer," however, "then there comes into play the underlying principle [of Rule 11] itself, namely that in federal court a party can represent himself or be represented by an attorney, *but cannot be represented by a nonlawyer*." *Id.* (emphasis added) (citing several cases for support).

Here, the Complaint was not signed by Amanda Fisher. The Court called attention to the error, but Plaintiffs have not corrected it. Accordingly, Rule 11 provides an additional basis for dismissal. *Branch v. State of Texas*, No. 3-07-CV-728-P, 2007 WL 2457599, at *1–2 (N.D. Tex. Aug. 29, 2007) (dismissing under Rule 41(b) pro se complaint that was deficient under 11(a) because it lacked a signature and plaintiff failed to correct deficiencies despite being given notice of the defect); *Collier v. Dretke*, No. 3:03-CV-2744-L 2004 WL 143917, at *1 (N.D. Tex. Jan. 7,

2004) (concluding that the court should dismiss plaintiff's case without prejudice under Rule 41(b) because even after being given ample opportunity, he failed to submit a petition with his original signature); *see also Ghashiyah v. Frank*, No. 05-C-0766, 2008 WL 60032, at *1 (E.D. Wis. Jan. 3, 2008) (striking plaintiffs' motions and summary judgment response, where not all plaintiffs signed the filings and court had previously admonished plaintiffs concerning Rule 11(a)'s requirements).[5]

## III.    Recommendation

Because Plaintiffs have not complied with Court orders and have not pleaded sufficient facts to invoke this Court's subject matter jurisdiction, the undersigned recommends that the United States District Judge dismiss Plaintiffs' Complaint without prejudice for lack of subject matter jurisdiction and failure to comply with Court orders, in accordance with FED. R. CIV. P. 12(h)(3) and 41(b). Alternatively, the undersigned recommends that the United States District Judge strike Plaintiffs' Complaint under FED. R. CIV. P. 11 and dismiss the case without prejudice under FED. R. CIV. P. 41(b) for failure to prosecute.

## IV.    Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and

---

[5] In addition, Plaintiffs claims should be dismissed because, disregarding this Court's previous orders, they have neither hired an attorney nor demonstrated that they can pursue their children's claims as their "own." *See* ECF Nos. 5, 6; *Raskin ex rel. JD v. Dall. Indep. Sch. Dist.*, 69 F.4th 280, 284 (5th Cir. 2023).

Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: October 30, 2023.

_____

**D. GORDON BRYANT, JR.**
**UNITED STATES MAGISTRATE JUDGE**